UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

ARCH  SPECIALTY  INSURANCE  COMPANY,  LIC          \_\_\_\_ **Civ.** \_\_\_ (   )(   )
RES,  LLC,  CASINO  DEVELOPMENT  GROUP  INC.,
AND MCGOWAN BUILDERS, INC.

Plaintiffs,

- against -                                        **COMPLAINT**

THE HARTFORD FIRE INSURANCE COMPANY,

Defendant.
---------------------------------------------------------------------X

Plaintiffs Arch Specialty Insurance Company ("Arch"), LIC RES, INC. ("LIC"), Casino

Development Group, Inc. ("Casino") and McGowan Builders Inc. ("McGowan"), by their

attorneys, Havkins Rosenfeld Ritzert & Varriale, LLP, as and for their Complaint against

defendant The Hartford Fire Insurance Company ("Hartford"), allege, the following:

## NATURE OF THE COMPLAINT

1.      This is a Complaint for a declaratory judgment and damages. This declaratory

judgment action relates to an underlying personal injury action entitled *Jefferson De Souza v.*

*Empire Transit Mix, Inc., LIC RES LLC, McGowan Builder, Inc., Casino Development Group,*

*Inc., S.N.A. Concrete Pumping Corp., and P&L Pumping, Inc.,* Index No.: 502147/2013 (Sup.

Ct., Kings County) (the "Underlying Action"). The plaintiffs in this action notified Hartford of

the Underlying Action and requested it provide insurance coverage.   Defendant Hartford

wrongfully refused to provide insurance coverage to Casino, McGowan and LIC (collectively

"the Hartford Insureds") in the Underlying Action, causing Arch to incur attorneys' fees, costs

and expenses on the Hartford Insureds behalf. As a result, Plaintiffs seek a declaration that

Hartford must defend and indemnify Casino, McGowan, and LIC in the Underlying Action and

seek damages reimbursing Arch for all attorneys' fees, costs and expenses incurred by it on the

1

Hartford Insured's behalf. Arch also seeks the attorneys' fees incurred in this action which are the direct and foreseeable consequence of Hartford's breach of contract.

2.     Casino, McGowan and LLC are each entitled to primary non-contributory insurance coverage from Hartford.  That coverage includes the duty of Hartford to provide a legal defense to DeSouza's lawsuit and to pay any settlement, verdict or judgment that may result.  As a result of Hartford's breach of its contractual insurance duties, Arch has been forced to provide the Hartford Insureds with the legal defense that was Hartford's obligation in the first place. By providing Casino, McGowan and LLC with a legal defense that was Hartford's responsibility, Arch has acquired its insureds' rights against Hartford.    As such, Arch is subrogated to the right of Casino, McGowan and LLC against Hartford including the right to recover all defense fees paid by it to date and to obtain a Judgment declaring Hartford's obligation to provide a legal defense going forward.   In addition to seeking damages for defendant's breach of its obligation to provide a defense, plaintiffs  also seek a declaration that defendant must pay any judgment, verdict or settlement in the underlying action. Such relief is necessary to resolve a present and justiciable controversy and is authorized by the Federal Declaratory Judgment Act.

## JURISDICTION

3.     This Court has subject matter jurisdiction over this case and controversy pursuant to 28 U.S.C.'s § 1331, 1337 and 1343 as there is complete diversity of citizenship between plaintiffs and defendant and the amount in controversy exceeds $100,000.00.

4.     This Court has *in personam* jurisdiction over defendant Hartford because it conducts and transacts business in this District and State.  Defendant maintains offices, agents,

2

representatives and employees in this District and State. Defendant markets and sells insurance policies and receives substantial revenue in and from this District and State. Defendant's presence and contacts in this State and District are so extensive that the Court's exercise of personal jurisdiction over the defendant does not offend traditional motions of fair play and due process.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391. The defendant conducts and transacts business in this District and the underlying accident and the underlying action (Queens and Kings Counties, respectively) occurred within this District.

## THE PARTIES

6.      At all times hereinafter mentioned, Arch is and was a Missouri corporation, duly licensed to issue insurance policies in the State of New York. Arch's principal place of business is Harborside 3, 210 Hudson Street, Suite 300, Jersey City, New Jersey.

7.      At all times hereinafter mentioned, Hartford is and was a Connecticut corporation authorized to do business in the State of New York, with a principal place of business in Hartford, Connecticut.  Hartford is and was actively  engaged in the insurance business within New York State. It marketed and sold insurance policies in New York that covered occurrences in New York (and elsewhere) and administered New York claims.

8.      Casino is a New York corporation with its principal place of business in New York. Casino is engaged in the construction business.

9.      McGowan is a New York corporation with its principal place of business in New Jersey. McGowan is engaged in the construction business.

3

10.     LIC is a New York corporation with its principal place of business in New York. LIC is engaged in the real estate development business.

## FACTUAL BACKGROUND

11.     In the Underlying Action, plaintiff Jefferson DeSouza ("DeSouza"), alleges that he suffered a personal injury while working on a construction site at 5-11 47th Avenue, Queens, New York on January 28, 2013, when the hose of a concrete pump from which he was receiving concrete in its liquid form malfunctioned blowing debris into his eye.

12.     At all relevant times, LIC is and was the owner of the premises located at 5-11 47th Avenue, Queens, New York.

13.     McGowan was hired to serve as the general contractor to construct a building located on the subject premises.

14.     McGowan hired Casino as the sub-contractor to build the concrete structure of the building.

15.     Casino hired Genuine Construction Service, Inc., ("Genuine"), to participate in the building of the structure by applying and molding the concrete received from a concrete hose. DeSouza was an employee of Genuine and was acting in the scope of his employment when injured.

16.     Hartford issued a Commercial General Liability Policy to Genuine, bearing policy number 16 SBM PK 9480, which was effective from November 16, 2012 – November 16, 2013 (the "Hartford Policy") therefore encompassing the date of DeSouza's accident.

## The Hartford Policy

17.     The Hartford Policy provides in relevant part as follows:

4

## A. COVERAGES

### 1. BUSINESS LIABILITY COVERAGE (BODILY INJURY, PROPERTY DAMAGE LIABILITY, PERSONAL AND ADVERTISING INJURY)

**Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal or advertising injury" to which this insurance does not apply.

We may, at our sole discretion, investigate any "occurrence" or offense and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section D Liability and Medical Expenses Limits of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments, settlements or medical expenses to which this insurance applies.

\* \* \*

### 6. Additional Insured When Required by Written Contract, Written Agreement or Permit

The following person(s) or organization(s) are an additional insured when you have agreed, in a written contract, written agreement, or because of a permit issued by a state or political subdivision, that such person or organization be added as an additional insured on your policy, provided the injury or damage occurs subsequent to the execution of the contract or agreement.

**f. Any Other Party**

(1) Any other person or organization who is not an insured under Paragraphs a. through c. above, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf:

(1)     In the performance of your ongoing operations;

(2)     In connection with your premises owned or rented by you; or

(3)     In connection with "your work" and included within the "products-completed operations hazard", but only if

> (a) The written contract or written agreement requires you to provide such coverage to such additional insured; and

> (b) This Coverage Part provides coverage for "bodily injury" or "property damage" included within the "product-completed operations hazard".

* * *

18.     Genuine entered into a written contract or agreement requiring it to add Casino, McGowan and LIC as additional insureds to the Hartford policy.

19.     The Underlying Action seeks, among other things, to hold Casino, McGowan and LIC liable for bodily injury caused in whole or in part by Genuine's acts or omissions in the performance of its ongoing operations.

20.     By letter dated April 28, 2014, Hartford admitted that there is an agreement between Genuine and Casino triggering the "Additional Insured When Required by Written Contract" provision.

21.     In the same letter, Hartford admitted that "Casino may qualify as an additional insured with respect to liability caused, in whole or in part, by Genuine's acts or omissions in performance of Genuine's work under the Agreement." (emphasis in original).

22.     DeSouza alleges his injuries arose in the performance of Genuine's ongoing operations at the jobsite and was caused in whole or in part by Genuine's acts or omissions or those acting on its behalf.  DeSouza was acting on Genuine's behalf at the time of the accident and his acts and/or omissions are imputed to Genuine as his employer.

23.     The pleadings in the Underlying Action allege that the accident was caused in whole or in part by DeSouza's and/or Genuine's acts or omissions.

24.     As set forth above, there are at least two related provisions in the Hartford insurance policy that mandate that it defend and indemnify LIC, Casino and McGowan. Hartford must do so because Genuine, its named insured, agreed in a written contract executed prior to the accident that it would add the Hartford Insured's as additional insureds to its policy. Hartford must also defend and indemnify LIC, Casino and McGowan because the accident was caused in whole or in part by the actions or omissions of Genuine, or those acting on its behalf in the performance of its duties.

25.     Casino, LIC and McGowan are additional insureds under the Hartford policy.

26.     The terms of the Hartford Policy, the April 28, 2014 letter, and well-established New York law each dictate that Hartford must provide primary non-contributory coverage to Casino, McGowan, and LIC in the Underlying Action.

### AS AND FOR A FIRST CAUSE OF ACTION
**(Declaration That Hartford Is Obligated To Defend and Indemnify Casino, McGowan, and LIC In The Underlying Action)**

27.     Plaintiffs repeat and reiterate the allegations contained in paragraphs "1" through "26" as if more fully set forth herein.

28.     The Hartford Policy was in full force and effect at the time of the accident alleged in the Underlying Action.

29.     The allegations in the Underlying Action fall within the coverage provided to Casino, McGowan, and LIC under the Hartford Policy.

30.     Casino, McGowan, and LIC timely and properly tendered their defense and indemnity in the Underlying Action to Hartford with respect to the Underlying Action.

31.     Arch timely and properly tendered the claims of LIC, Casino and McGowan for defense, indemnification and additional insured status to Hartford with respect to the Underlying Action.

32.     Plaintiffs have duly demanded that Hartford assume its responsibilities and obligations to Casino, McGowan, and LIC.

33.     Hartford has wrongfully refused to defend and indemnify Casino, McGowan, and LIC in the Underlying Action.  This refusal forced Arch to defend Casino, McGowan and LIC in the Underlying Action. In order to mitigate its damages and in compliance with the terms of the Arch policy, Arch had no choice but to provide the Hartford Insureds with a defense. Arch did not act as a volunteer in doing so.

34.     Despite due demand, Hartford has failed to reimburse or pay any of the legal fees, costs and expenses that the attorneys on behalf of Casino, McGowan, and LIC have expended in defense of the Underlying Action.  Arch has paid and continues to pay the reasonable attorney's fees incurred by the attorneys' on the Hartford Insured's behalf.

35.     Arch, Casino, McGowan and LIC are third party beneficiaries of the Hartford policy.

36.     Hartford breached its insurance contract by failing to timely acknowledge coverage, defend and indemnify Casino, McGowan, and LIC in the Underlying Action.

37.     Casino, McGowan, and LIC are entitled to coverage from Hartford pursuant to the terms and conditions of the Hartford Policy. Hartford's failure to provide coverage to an active ongoing litigation cast plaintiffs in a defensive position.

8

38.     Plaintiffs have suffered and will continue to suffer damages, harm and prejudice by virtue of Hartford's failure to provide insurance coverage to Casino, McGowan, and LIC pursuant to the Hartford Policy, including, but not limited to, the costs, expenses and attorney's fees of defending the Underlying Action.

39.     An insurance policy is a binding enforceable contract between an insurer, in this case Hartford, and the named and additional insureds on the policy.   Hartford is liable to Plaintiffs for any and all damages incurred by virtue of its breach of its obligations under its insurance policy.

40.     By reason of the foregoing, Arch, Casino, McGowan, and LIC are entitled to a declaration that Hartford is required to provide insurance coverage to Casino, McGowan, and LIC in the Underlying action, including providing defense, indemnity and past and future, attorney's fees and costs.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Declaration That Arch Is Entitled to Reimbursement For Fees Expended In Defending The Underlying Action and this Action)

41.     Plaintiffs repeat and reiterate the allegations contained in paragraphs "1" through "40" as if more fully set forth herein.

42.     The Hartford Policy was in full force and effect for the benefit of Casino, McGowan, and LIC, on the date of the alleged accident that forms the basis of the Underlying Action.

43.     Plaintiffs provided written demands to Hartford that Hartford defend and indemnify and hold harmless Casino, McGowan, and LIC in the Underlying Action.

44.     Hartford failed to comply with its obligations to defend and indemnity Casino, McGowan, and LIC and said failure constitutes a substantial and ongoing breach of the Hartford Policy.

45.     In order to protect the interests of its insureds and to mitigate its damages, Arch assigned defense counsel to appear for and represent the interests of Casino, McGowan, and LIC in the Underlying Action. Defense counsel has been defending Casino, McGowan and LIC from the date Arch requested that it do so to date. Defense counsel has regularly submitted invoices to Arch, which Arch has paid.

46.     Arch incurred costs, including attorneys' fees, in defending Casino, McGowan, and LIC in the Underlying Action. Those costs and attorneys' fees were Hartford's obligation to pay. Its failure to pay them constitutes a breach of contract.

47.     Based on the foregoing, Plaintiffs are entitled to an order declaring that Hartford must reimburse Arch for all defense costs including attorneys' fees expended in the defense of the Underlying Action together with statutory interest at the rate of 9% as well as damages, verdicts, judgments, settlements, costs, fees, penalties or expenses of any kind that Plaintiffs incur or become legally obligated to pay as a result of the Underlying Action.

48.     As a result of its substantial breach of the insurance policy, Hartford is estopped and/or has waived any rights it might have had under the contract.

49.     By breaching the terms of its insurance policy, Hartford forced plaintiffs to commence and prosecute this action. The fees incurred by Arch are the natural, direct and foreseeable damages caused by Hartford's breach.

**WHEREFORE**, Plaintiffs are entitled to a judgment declaring:

a.      That Hartford is obligated to defend Casino, McGowan, and LIC in the Underlying Action;

b.      That Hartford is obligated to indemnify Casino, McGowan, and LIC with respect to any liability, whether by verdict, judgment or settlement that Casino, McGowan, and LIC may incur in the Underlying Action and, if paid by Arch, must reimburse Arch for all such payments;

c.      That Arch is entitled to reimbursement from Hartford of the costs incurred by Arch in defending Casino, McGowan, and LIC in the Underlying Action, plus interest from the date that Arch paid said costs, and that a money judgment is to be awarded in favor of Plaintiffs in an amount to be determined;

d.      That Arch must be reimbursed by Hartford for the fees and costs incurred by it in this action, plus interest; and

e.      That the Plaintiffs are entitled to such other and further relief as the Court deems just and proper.

Dated: New York, New York
      January 10, 2019

**HAVKINS ROSENFELD RITZERT
& VARRIALE, LLP**

By: _____
         Abraham E. Havkins (AH 0976)
*Attorneys for Plaintiffs*
One Battery Park Plaza, 6th Floor
New York, New York 10004
(212) 488-1598

**To:**

THE HARTFORD INSURANCE COMPANY
(*Via: New York State Department of Financial Services*)